

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-1-2002

# Prudential Real v. PPR Realty Inc

Precedential or Non-Precedential:

Docket 1-2584

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Prudential Real v. PPR Realty Inc" (2002). *2002 Decisions*. Paper 144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2584


PRUDENTIAL REAL ESTATE
AFFILIATES, INC.

v.

PPR REALTY, INC.; RONALD CROUSHORE;
HELEN SOSSO; KATHY MCKENNA


Kathy McKenna,


Appellant


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 99-cv-00873)
District Judge: Honorable William L. Standish


Submitted Under Third Circuit LAR 34.1(a)
February 8, 2002

Before: SLOVITER, and AMBRO, Circuit Judges
SHADUR*, District Judge


(Opinion filed March 1, 2002)


    *Honorable Milton I. Shadur, United States District Judge for the
Northern District
of Illinois, sitting by designation.


OPINION


AMBRO, Circuit Judge:

    In this appeal we decide whether the District Court properly denied
Appellant
Kathy McKenna's motion to dissolve the preliminary injunction.  We affirm.

## I.

Because the facts of this case are well known to the parties, we will not recite them in detail. The procedural history of this case is convoluted. While appeals of the Pennsylvania arbitration by Helen Sosso and Ronald Croushore were pending, Prudential Real Estate Affiliates, Inc. ("PREA") filed suit in the United States District Court for the Central District of California (the "Central District") to obtain a preliminary injunction against transfer to McKenna of the shares in PPR Realty, Inc. ("PPR") held by Sosso and Croushore. Over McKenna's opposition, the motion was granted. McKenna appealed to the Ninth Circuit, and then moved that the Central District dissolve the preliminary injunction. The Central District held that it lacked jurisdiction to consider the motion given the pendency of McKenna's appeal before the Ninth Circuit.

The Ninth Circuit upheld the preliminary injunction and the Central District's holding that it lacked jurisdiction to consider the motion to dissolve. While the appeals were pending, the underlying case was transferred to the United States District Court for the Western District of Pennsylvania (the "District Court"). Eighteen months later, McKenna filed a motion with the District Court to dissolve the injunction. That Court denied her motion, and McKenna appealed.

## II.

This Court has jurisdiction under 28 U.S.C. 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. McKenna argues that this Court lacks subject matter jurisdiction because "the plaintiff and defendants Sosso, Croushore, and PPR have been aligned in all motions in this case," Appellant's Br. at 1, thus destroying diversity jurisdiction. The Ninth Circuit considered this question at length and determined that "[r]especting the ultimate right to purchase the stock that is the primary matter in dispute in this case, Sosso, Croushore, and PPR are either disinterested, or have interests antagonistic to PREA, depending on the outcome of the Pennsylvania appeal." Prudential Real Estate Affiliates v. PPR Realty, 204 F.3d 867, 874 (9th Cir. 2000). It reasoned that, by virtue of the Pennsylvania arbitration, Sosso and Croushore have no claim in the ownership of the stock, and are mere "constructive trustees with no

stake in the outcome except to be released of their charge."  Id. at 873.

McKenna claims that PREA's "exit strategy" is to sell the stock back to Sosso and Croushore, but the evidence she offers fails to establish that PREA's interests are aligned with Sosso's and Croushore's.  On the contrary, the memorandum she cites indicates PREA's desire to obtain benefits from the acquisition, and then pursue "exit options" once the acquisition is no longer profitable.  Because McKenna fails to provide evidence of Sosso and Croushore's alignment with PPR, we agree with the Ninth Circuit that diversity exists.  We therefore possess subject matter jurisdiction.

## III.

We review the denial of a motion to dissolve an injunction for abuse of discretion. Favia v. Indiana Univ. of Pa., 7 F.3d 332, 340 (3d Cir. 1993); Township of Franklin Sewerage Auth. v. Middlesex Co. Util. Auth., 787 F.2d 117, 120 (3d Cir. 1986).  In order to modify an injunction there must be "a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable."  Favia, 7 F.3d at 337.  Similarly, to dissolve an injunction a district court must consider "whether the movant has made a showing that changed circumstances warrant the discontinuation of the order."  Franklin Sewerage Auth., 787 F.2d at 121.

McKenna advances many arguments for dissolving the injunction, nearly all of which fail to allege the changed circumstances required to dissolve an injunction.  Each of her arguments was made or could have been made before the Central District.

The principal changed circumstance she alleges involves the declaration of Bryan Shreckengost, the attorney for Sosso and Croushore, who claimed that Judge Eugene Strassburger, III, of the Court of Common Pleas for Allegheny County, Pennsylvania, "suggested that if the arbitration award was confirmed, it might be appropriate to allow the Federal Court in California some reasonable amount of time to be advised of and to consider the issues presented to it by PREA."  McKenna argued before the Central District that this declaration was false, but that Court issued the injunction anyway, and McKenna appealed.  Judge Strassburger subsequently called the Shreckengost declaration

"absolutely incorrect." McKenna then petitioned the Central District to dissolve its injunction, but the Court declined to consider the motion given the pendency of McKenna's appeal of the preliminary injunction. Because the Ninth Circuit simply affirmed the Central District's ruling that it lacked jurisdiction to consider a motion to vacate a preliminary injunction during the pendency of an appeal, Prudential Real Estate, 204 F.3d at 880, McKenna argues that no court has considered Judge Strassburger's statement. Appellant's Br. at 61.

In identifying Judge Strassburger's statement, McKenna presents this Court with a "changed circumstance" to support her motion to dissolve the preliminary injunction. The District Court held that Judge Strassburger's statement, although a "changed circumstance," did not render the continued imposition of the preliminary injunction inequitable, and so did not warrant dissolving the injunction. It was correct. McKenna did not support her assertion that this false evidence "tainted" her case before the Central District. The Central District's findings of fact make no mention of Shreckengost's declaration at all. She was able to argue the declaration's falsity before the California federal courts, albeit without the benefit of Judge Strassburger's statement. In the absence of any evidence of the Central District's reliance upon Shreckengost's declaration, the District Court did not abuse its discretion in holding it equitable to continue the injunction.

McKenna next argues that "even PREA's main affiant from the preliminary injunction proceedings now admits that Kathy McKenna did not breach the franchise agreement." Appellant's Br. at 46. It is true that Elliot S. Rose, Vice President of Network Services for PREA, testified at a deposition that occurred after the Central District issued the preliminary injunction that he "knew of no instance where McKenna was in breach or didn't comply" with her obligations under the franchise agreement. Appellant's Br. at 46. McKenna claims that this testimony amounts to an abandonment of Rose's prior affidavit, where he stated "Kathy McKenna has objected to the transfer of the Disputed Stock to PREA, and is now refusing to allow PREA to exercise its right of

first refusal."  The District Court, far from abusing its discretion, stated the matter clearly:

> This is the only statement in the affidavit that could possibly be interpreted as a statement regarding conduct of McKenna that amounts to an alleged breach of contract, and regardless of the purported disclaimer of Mr. Rose, the statement is true in that McKenna does dispute PREA's right of first refusal and does object to the transfer of the disputed shares to PREA.  If the statement were not true . . . the parties would not presently be before the court.

One final changed circumstance does exist. The Ninth Circuit explained that the reason for imposing the preliminary injunction was because Sosso, Croushore, and PPR wished to "[prohibit] transfer of the stock while their appeal is resolved in Pennsylvania state court."  Prudential Real Estate, 204 F.3d at 873.  The resolution of the state court appeal means that this purpose no longer exists.  Nonetheless, maintaining the preliminary injunction remains necessary to prevent McKenna from transferring the stock while the underlying merits of the parties' respective rights are decided. Hence, we will not dissolve the injunction.

                              VI.

For the foregoing reasons, we affirm the District Court's denial of McKenna's motion to dissolve the preliminary injunction.


TO THE CLERK:

    Please file the foregoing Opinion.



                              By the Court,



                              /s/ Thomas L. Ambro
                              Circuit Judge